UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:25-CV-00107-GNS

RUSSELL BRANDS, LLC                                                        PLAINTIFF

v.

BEAST HOLDINGS, LLC;
GAMECHANGER247, LLC; and
MRBEASTYOUTUBE, LLC                                                  DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (DN 19, 24).  The

motions are ripe for adjudication.

### I.        **STATEMENT OF FACTS AND CLAIMS**

Defendants Beast Holdings, LLC, Gamechanger247, LLC, and MrBeastYouTube, LLC

(collectively, "Defendants") are associated with Jimmy Donaldson, who is better known by his

online persona "MrBeast" and is "a well-known celebrity and one of the most prominent internet

personalities in the world."  (Am. Compl. ¶ 6, DN 23).  Defendants sell a variety of "MRBEAST"

branded products, including basketballs marked with the word "BEAST."  (Am. Compl. ¶¶ 28-

29).

Plaintiff Russell Brands, LLC ("Plaintiff"), owns the trademark "THE BEAST" for use in

connection with basketball-related goods and accessories.  (Am. Compl. ¶ 19).  After Plaintiff

learned Defendants were using a mark that was allegedly "virtually identical" to its own, the parties

entered negotiations, which ultimately failed, and Plaintiff brought this trademark infringement

action.  (Am. Compl. ¶¶ 30-43; Compl., DN 1).

Defendants moved to dismiss, and then Plaintiff filed its Amended Complaint.  (Defs.' 1st Mot. Dismiss, DN 19; Am. Compl.).  Defendants again move to dismiss for lack of jurisdiction and failure to state a claim.  (Defs.' 2d Mot. Dismiss 1, DN 24).  Plaintiff asserts that the Court has jurisdiction but alternatively requests limited jurisdictional discovery.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 14, DN 26).

## II.    JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction.  *See* 28 U.S.C. § 1331.  In addition, the Court has supplemental jurisdiction over the state law claims.  *See* 28 U.S.C. § 1367(a).

## IV.    DISCUSSION

### A.    Waiver

Defendants argue that Plaintiff has waived any response to their jurisdictional arguments because it failed to respond to their first motion to dismiss.  (Defs.' Mot. Dismiss 6-8).  Because Plaintiff amended the initial Complaint, however, that first motion to dismiss is now moot.  *Taylor v. Fam. Health Ctrs., Inc.*, No. 3:25-CV-583-RGJ, 2026 WL 84415, at *5 (W.D. Ky. Jan. 12, 2026) ("As a general matter, an 'amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot.'"  (quoting *Ky. Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005))).

Still, Defendants argue that the filing of the Amended Complaint does not render their first motion moot, pointing to our sister court's decision in *Yates*, which states that "[d]efendants [are] not necessarily required to file a new motion to dismiss" when an amended complaint does "not attempt to cure the defect alleged in the original motion to dismiss . . . ."  *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002).  *Yates*, however, held that a

2

defendant is not subject to default judgment if it does not file a new motion, not that the plaintiff waived its jurisdictional arguments. *Id.* at 500. Indeed, the court denied the original motion to dismiss as moot. *Id.* The other case cited by Defendants, *Wilke v. Pacheco*, No. 1:23-CV-00134-BLW, 2023 WL 5614908 (D. Idaho Aug. 30, 2023), also does not support Defendants' contention. *Id.* at *4 (denying motion for leave to amend but permitting requests for jurisdictional discovery).

Accordingly, Defendants' first motion will be denied as moot, and Plaintiff has not waived its opposition to Defendants' jurisdictional arguments.

### B.    **Personal Jurisdiction**

"[A] federal court must dismiss any claim for which it lacks jurisdiction without addressing the merits." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). A plaintiff has the burden of establishing personal jurisdiction and must plead facts that, taken as true, support the extension of the court's jurisdiction over the defendants. *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). When a court rules on a jurisdictional motion to dismiss without conducting an evidentiary hearing, it must consider the pleadings and affidavits in a light most favorable to the plaintiff. *A.M. by Next Friend Cooper v. Philadelphia Indem. Ins. Co.*, No. 3:21-CV-364-GNS, 2022 WL 288192, at *1 (W.D. Ky. Jan. 31, 2022). To defeat such a motion, the plaintiff need only make a prima facie showing of jurisdiction and the court should not weigh the controverting assertions of the party seeking dismissal. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).

When a court has jurisdiction because of a federal question, personal jurisdiction only exists (1) "if the defendant is amenable to service of process under the [forum] state's long-arm statute" and (2) "if the exercise of personal jurisdiction would not deny the defendant[] due process." *Cmty. Tr. Bancorp, Inc. v. Cmty. Tr. Fin. Corp.*, 692 F.3d 469, 471 (6th Cir. 2012)

3

(alterations in original) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).  As of July 15, 2024, Kentucky courts "may exercise personal jurisdiction over . . . a party . . . on any basis consistent with the Constitution of Kentucky and the Constitution of the United States."  KRS 454.210(2).  Because "the scope of the amended Long-Arm Statute is co-extensive with the Constitutional due process analysis," this Court need only determine whether exercising personal jurisdiction over Defendants would comport with constitutional due process requirements.  *Woods v. Morris Mohawk Gaming Grp.*, No. 3:23-CV-53-GFVT, 2025 WL 3459479, at *2 (E.D. Ky. Dec. 2, 2025); *see Bell v. Kokosing Indus., Inc.*, No. 23-5791, 2024 WL 3549581, at *5 (6th Cir. July 26, 2024).

Personal jurisdiction has two forms: general and specific.  *See Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 678-79 (6th Cir. 2012).   Plaintiff alleges that the Court has both general and specific jurisdiction over Defendants.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 2, 10).

### 1.    *General Jurisdiction*

General jurisdiction arises when a defendant has affiliations so "continuous and systematic" with a forum as to render it "essentially at home" there, thus allowing courts in that forum to exercise jurisdiction over any and all claims against it.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation omitted).  It is well-understood that this is a "high bar to reach."  *Martin v. Candle Queen Candles, LLC*, No. 3:12-CV-00125-H, 2012 WL 2952542, at *2 (W.D. Ky. July 19, 2012).  Plaintiff claims that the Court has general jurisdiction over Defendants because of their "pervasive" contacts with Kentucky:  Plaintiff alleges that Defendants' merchandise is available for purchase in third-party stores located throughout Kentucky, Defendants' licensee advertises Kentucky locations of a fast-food chain, Defendants' products may be shipped to Kentucky residents from their website and other third-party online

4

retailers, and Defendants presumably earn advertising revenue from Kentucky residents' viewership of Defendants' YouTube videos.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 11-12).

Plaintiff, however, has failed to demonstrate that Defendants are essentially at home in Kentucky.  "Although the placement of a product into the stream of commerce may bolster an affiliation germane to *specific* jurisdiction, . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant."  *Daimler AG v. Bauman*, 571 U.S. 117, 132 (2014) (internal quotation marks omitted) (citation omitted); *see also id.* at 139 ("If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable.").  Moreover, maintaining "a website that is accessible to anyone over the Internet is insufficient to justify general jurisdiction."  *Bird*, 289 F.3d at 874 (citation omitted).

Indeed, courts typically only assert general jurisdiction over corporations in the states where they are incorporated or headquartered.  *See, e.g.*, *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 396 (6th Cir. 2021) ("Anthem is based in Indiana, not Tennessee.  General jurisdiction is not an option."); *Janosky v. United Surgical Partners Int'l, Inc.*, No. 25-68-DLB-CJS, 2025 WL 3022319, at *4 (E.D. Ky. Oct. 29, 2025) ("Only in an 'exceptional case' might a different forum have general jurisdiction over a defendant.  Defendant is incorporated under Delaware law and has its principal place of business in Dallas, Texas.  Therefore, Kentucky courts do not have general jurisdiction over Defendant."  (internal citations omitted)).  In this case, Defendants are incorporated and headquartered in North Carolina; they do not have offices, employees, bank accounts, or properties in Kentucky.  (Ndumele Decl. ¶¶ 2-5, DN 19-1); *see Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 472 (1952).  This Court therefore does not have general personal jurisdiction over Defendants.

### 2.    *Specific Jurisdiction*

Specific jurisdiction arises from "minimum contacts" between a person and the forum and permits the forum's courts to adjudicate "issues deriving from, or connected with," those particular contacts. *Goodyear*, 564 U.S. at 919 (citation omitted). The Sixth Circuit uses the three-part *Mohasco* test to determine if the exercise of specific personal jurisdiction complies with federal due process:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007) (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "Each part of the *Mohasco* standard 'represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked.'" *AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *3 (6th Cir. May 8, 2024) (quoting *LAK, Inc. v. Deer Creek Enters.*, 885 F.2d 1293, 1303 (6th Cir. 1989)).

Purposeful availment is the "'constitutional touchstone' of personal jurisdiction . . . ." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). As the Sixth Circuit has explained:

> "'[P]urposeful availment is something akin to a deliberate undertaking to do or cause an act or thing to be done in [the forum state] or conduct which can be properly regarded as a prime generating cause of the effects resulting in [the forum state], something more than a passive availment of [the forum state's] opportunities.'" "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a ["]substantial connection["] with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" The "'purposeful

6

availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or a third person.'"  The emphasis in the purposeful availment inquiry is whether the defendant has engaged in "some overt actions connecting the defendant with the forum state."  If a plaintiff can demonstrate purposeful availment, the absence of physical contacts with the forum state will not defeat personal jurisdiction over a non-resident defendant.

*Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478-79 (6th Cir. 2003) (first, second, and third alterations in original) (internal citations omitted) (citations omitted).  Plaintiff argues that Defendants have purposefully availed themselves of the privilege of acting in Kentucky by:  (1) selling infringing products online; (2) contracting to supply goods or services to Kentucky; (3) intentionally injuring Plaintiff; (4) contractually agreeing to the jurisdiction of this Court.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 3-4).

First, Plaintiff alleges that Defendants "transact substantial business throughout the Commonwealth of Kentucky and in this judicial district through the sale of MRBEAST-branded merchandise through their highly interactive ecommerce websites at www.mrbeast.store and Amazon, and through leading retailers throughout the Commonwealth, including such prominent retailers as Wal-Mart, Target, Kroger, and Meijer."  (Am. Compl. ¶ 8).  Defendants respond that operation of a nationally accessible website, without more, does not establish purposeful availment in Kentucky.  (Defs.' Reply Mot. Dismiss 2-3, DN 27).

Indeed, "[t]he level of contact with a state that occurs simply from the fact of a website's availability on the Internet is . . . an 'attenuated' contact that falls short of purposeful availment." *Neogen*, 282 F.3d at 890.  The Sixth Circuit has found, however, that "[t]he operation of an Internet website can constitute the purposeful availment of the privilege of acting in a forum state under the first *Mohasco* factor 'if the website is interactive to a degree that reveals specifically intended interaction with residents of the state.'" *Bird*, 289 F.3d at 874 (quoting *Neogen*, 282 F.3d at 890).

7

"Use of an interactive website to sell products into a forum creates jurisdiction not because of any internet-specific rules, but because that course of conduct pairs a willingness to sell into the forum with regular sales—features that have long constituted purposeful availment." *AMB Media*, 2024 WL 2052151, at *4. "Regardless of the type of business at issue, if a company holds itself out to a jurisdiction's business and does regular commerce there, it has fair warning that it could be subject to suit in that location." *Id.* "[N]o specific targeting is required when a defendant, as here, operates 'a national [business] aimed at a nationwide audience' with regular sales into a given forum.'" *Id.* at *5 (second alteration in original) (citation omitted). Thus, while the very existence of a website is not enough, courts may look for additional factors to establish personal jurisdiction. *See Bird*, 289 F.3d at 874 ("We conclude that by maintaining a website on which Ohio residents can register domain names and by allegedly accepting the business of 4,666 Ohio residents, the [] defendants have satisfied the purposeful-availment requirement." (citation omitted)); *AMB Media*, 2024 WL 2052151, at *3 (holding that there is personal jurisdiction in Tennessee where website featured reviews from Tennessee customers and defendants served around twenty Tennessee customers annually).

In this instance, though, Plaintiff does not allege that Defendants' website targeted Kentucky in any way and while Plaintiff does allege that Defendants transact "substantial business" in the commonwealth, this statement is conclusory. (Am. Compl. ¶ 8). Plaintiff makes no specific allegation as to the amount of business done by Defendants in Kentucky. *Neogen*, 282 F.3d at 887 ("Neogen 'need only make a prima facie showing of jurisdiction.' Neogen can meet this burden by 'establishing with *reasonable particularity* sufficient contacts between [NGS] and the forum state to support jurisdiction.'" (emphasis added) (second alteration in original) (internal

citation omitted) (quoting *Provident Nat'l Bank v. Cal. Fed. Savings & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987))).  Accordingly, Plaintiff has not met its burden to show purposeful availment.

Next, Plaintiff argues that Defendants' intentional infringement, which injured Plaintiff in Kentucky, constitutes purposeful availment.  To support this contention, Plaintiff cites the previous version of Kentucky's long-arm statute—which is both outdated and irrelevant to the constitutional due process analysis—and quotes *Bird* for the proposition that "because a plaintiff whose trademark has been violated potentially suffers economic harm as a result of the defendant's actions, the injury occurs both in places where the plaintiff does business and in the state where its primary office is located," but this quote was in context of the court's analysis of Ohio's long-arm statute.  *Bird*, 289 F.3d at 876 (citations omitted).  Regardless, "in a trademark infringement suit, personal jurisdiction cannot be based in the trademark owner's home state merely on the theory that the trademark property is located at plaintiff's home base and is damaged there."  5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 32:38 (5th ed. 2026) ("[I]n trademark cases, it is not necessary for plaintiff to plead or prove actual damage or injury in order to state a prima facie case of infringement.  No event giving rise to the claim occurs at the home base of the trademark owner."); *see Walden v. Fiore*, 571 U.S. 277, 286 (2014); *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014), *as corrected* (May 12, 2014).

Finally, Plaintiff argues that Defendants consented to jurisdiction in Kentucky by signing a confidentiality agreement.  Not so.  By Plaintiff's own admission, Defendants only consented to jurisdiction "for any action arising out of or relating to the Agreement."  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 8).  The present controversy does not relate to the parties' confidentiality agreement.

9

Accordingly, because Plaintiff cannot demonstrate purposeful availment, it is unnecessary for the Court to analyze the remaining *Mohasco* elements.

### C.        Jurisdictional Discovery

In the alternative, Plaintiff moves for jurisdictional discovery.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 14).  "[A] district court faced with a motion to dismiss for lack of personal jurisdiction over the defendant may permit the plaintiff further discovery to investigate jurisdictional facts." *Theunissen v. Matthews*, 935 F.2d 1454, 1465 (6th Cir. 1991) (citation omitted).  "A plaintiff, however, is not entitled to jurisdictional discovery; the plaintiff must, at a minimum, 'give the district court a reasonable basis to expect that discovery would reveal evidence that supports the claimed jurisdiction.'"  *Nottingham-Spirk Design Assocs., Inc. v. Halo Innovations, Inc.*, 603 F. Supp. 3d 561, 571 (N.D. Ohio 2022) (quoting *C.H. By & Through Shields v. United States*, 818 F. App'x 481, 484 (6th Cir. 2020)).

Plaintiff claims that requiring Defendants to disclose any "sale of products to Kentucky residents, any communications with Kentucky residents, and any nationwide distribution agreement" would provide the facts necessary to determine jurisdiction.  (Pl.'s Resp. Defs.' 2d Mot. Dismiss 15).  Indeed, evidence of substantial sales or specific targeting of Kentucky residents would support finding purposeful availment, as discussed above.[1]  *See AMB Media*, 2024 WL 2052151, at *4.  Information regarding the sale of infringing products to Kentucky residents could also show that Plaintiff's claims arise from or relate to Defendants' Kentucky contacts and that jurisdiction is reasonable.  *See Stockton Mortg. Corp. v. Bland*, 621 F. Supp. 3d 795, 804 (E.D. Ky. 2022) ("The Sixth Circuit has articulated the standard for this prong in a number of different

---

[1] On the other hand, Plaintiff does not explain how a *nationwide* distribution agreement would support finding jurisdiction in *Kentucky*.

ways, such as whether the causes of action were made possible by or lie in the wake of the defendant's contacts, or whether the causes of action are related to or connected with the defendant's contacts with the forum state." (internal quotation marks omitted) (citing *Air Prods. & Controls, Inc.*, 503 F.3d at 550-53)); *Mayfield Consumer Prods., LLC v. Int'l Grp.*, No. 5:23-CV-00101-BJB-LLK, 2025 WL 714459, at *6 (W.D. Ky. Mar. 5, 2025) ("When . . . it is reasonable to expect that discovery would reveal facts supporting purposeful availment and relatedness, 'an inference arises that this third factor is also present.'" (quoting *Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 674 (6th Cir. 2023))). Thus, discovery could enable Plaintiff to uncover evidence that the Court has specific jurisdiction over Defendants. Plaintiff has not, however, demonstrated a reasonable basis for believing that discovery would uncover evidence establishing general personal jurisdiction.

Plaintiff may therefore engage in limited jurisdictional discovery related to specific personal jurisdiction. "The Court reminds the parties, however, that, '[a]lthough Federal Rule of Civil Procedure 26 contemplates broad discovery, courts must ensure that jurisdictional discovery does not undermine the due process considerations that personal jurisdiction is designed to protect.'" *Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) (alteration in original) (quoting *In re Porsche Cars N. Am., Inc.*, No. 2:11-MD-2233, 2012 WL 4361430, at *2 (S.D. Ohio Sep. 25, 2012)).[2]

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Defendants' Motion to Dismiss (DN 19) is **DENIED AS MOOT**.

---

[2] Because personal jurisdiction is a threshold issue, the Court will not address Defendants' 12(b)(6) arguments until jurisdiction is ascertained.

11

2.     Defendants' Motion to Dismiss (DN 24) is **ADMINISTRATIVELY REMANDED**, to be reinstated by subsequent order following the conclusion of jurisdictional discovery and supplemental briefing.

3.     Pursuant to 28 U.S.C. § 636(b) (1)(A), this matter is **REFERRED** to U.S. Magistrate Judge H. Brent Brennenstuhl for hearing and determining all pretrial matters pending before the Court in this action, including overseeing the jurisdictional discovery.  Further, the Court authorizes Judge H. Brent Brennenstuhl to conduct a settlement conference in this matter at any time.  Additionally, the Court reminds the parties that they may consent to Magistrate Judge jurisdiction in this matter at any time.

4.     The parties shall confer in good faith and complete limited jurisdictional discovery within **sixty days** of the entry of this Memorandum Opinion and Order.  The discovery will be restricted to jurisdictional issues relevant to Defendants' motion to dismiss for lack of personal jurisdiction.  Any party believing the opposing party's discovery requests exceed the scope and purpose of limited jurisdictional discovery is instructed to contact the Magistrate Judge to arrange a telephone status conference.

5.     Plaintiff may supplement its response to Defendants' Motion to Dismiss (DN 24) within **15 days** after the completion of the limited jurisdictional discovery.

6.     Defendants may file a supplemental reply in support of Defendants' Motion to Dismiss (DN 24) within **15 days** after the filing of Plaintiff's supplemental response.

**Greg N. Stivers, Judge**
**United States District Court**
July 14, 2026

cc:     counsel of record

12